

SO ORDERED.

SIGNED this 30th day of October, 2018.

_____
LENA MANSORI JAMES
UNITED STATES BANKRUPTCY JUDGE

THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **Product Quest Manufacturing, LLC,** *et al.*,[1] | ) | **Case No. 18-50946** |
| | ) | **(Jointly Administered)** |
| | ) | |
| **Debtors.** | ) | |
| | ) | |

**ORDER CONVERTING CASE TO CHAPTER 7**

This matter came before the Court on October 29, 2018 to consider the *Conditional Motion to Convert Case to Chapter 7* (Doc. 186, the "Debtors' Motion")[2] filed by the Debtors, and the *Motion to Convert Case to Chapter 7 or for Appointment of a Chapter 11 Trustee* (Doc. 192, the "BA's Motion") filed by the Bankruptcy Administrator, both pursuant to 11 U.S.C. § 1112(a). Based upon the matters set forth in the Debtors' Motion and the BA's Motion, the

---

[1] The Debtors in these cases, along with the associated case number, are: (i) Ei LLC (18-50945); (ii) Product Quest Manufacturing, LLC (18-50946); (iii) Scherer Labs International, LLC (18-50948); (iv) Product Quest Logistics, LLC (18-50950); (v) JBTRS, L.L.C. (18-50951); and (vi) PQ Real Estate LLC (18-50952). The Debtors' service address is: 2865 N. Cannon Blvd., Kannapolis, North Carolina 28083.

[2] Capitalized terms used but not defined herein will have the meanings ascribed thereto in the Debtors' Motion.

official file and the evidence presented the Court concludes that it is in the best interests of the estate and its creditors that the case be converted to chapter 7, and for good and sufficient reasons appearing it is hereby ORDERED as follows:

1. The Debtors' cases are converted to chapter 7 effective October 31, 2018, and C. Edwin Allman, III is appointed as trustee. The trustee's blanket bond is adjudged sufficient.

2. The Debtors are authorized and directed to disburse $7,500,000.00 of the existing cash collateral to Lenders, through MCF as the Agent, with the balance to be turned over to the trustee, all subject to the cash collateral orders entered in the cases at any time (including the Cash Collateral Orders and any cash collateral orders entered in the chapter 7 cases).

3. Subject to the limitations in the Cash Collateral Orders (including the requirement regarding the use of unencumbered property and any prepetition retainers and subject to the budget limits set forth therein), the trustee shall pay from cash collateral the Debtors' expenses that accrued prior to the effective date converting the case to chapter 7, consisting of (i) payroll obligations, utilities, and other operating expenses, as well as (ii) the professional fees of Northen Blue, Conway MacKenzie, King & Spaulding, KCC, and counsel for the Committees (once the necessary approvals from this Court have been obtained).

4. The Debtors shall serve a copy of this Order on all creditors and other parties in interest and file a certificate of such service with the Court.

[end of document]