

SO ORDERED.

SIGNED this 18th day of September, 2018.

                                            */s/ Lena Mansori James*
                                             LENA MANSORI JAMES
                                         UNITED STATES BANKRUPTCY JUDGE

---

## THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
## WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **Product Quest Manufacturing, LLC,** *et al.*,[1] | ) | **Case No. 18-50946** |
| | ) | **(Jointly Administered)** |
| | ) | |
| **Debtors.** | ) | |
| | ) | |

### ORDER AUTHORIZING DEBTORS TO CONTINUE PRE-EXISTING INSURANCE PROGRAMS, TO MAINTAIN INSURANCE PREMIUM FINANCING PROGRAMS AND TO PAY PRE-PETITION PREMIUMS AND RELATED OBLIGATIONS

This Matter is before the Court on the *Emergency Motion for Authority to Continue Pre-Existing Insurance Programs, to Maintain Insurance Premium Financing Programs, and to Pay Pre-Petition Premiums and Related Obligations* (the "Motion") of Ei LLC ("EI"), Product Quest Manufacturing, LLC ("PQM"), Scherer Labs International, LLC ("Scherer"), Product Quest Logistics, LLC ("PQL"), JBTRS, L.L.C. ("JBTRS"), and PQ Real Estate LLC ("PQ Real Estate",

---

[1] The Debtors in these cases, along with the associated case number, are: (i) Ei LLC (18-50945); (ii) Product Quest Manufacturing, LLC (18-50946); (iii) Scherer Labs International, LLC (18-50948); (iv) Product Quest Logistics, LLC (18-50950); (v) JBTRS, L.L.C. (18-50951); and (vi) PQ Real Estate LLC (18-50952). The Debtors' service address is: 2865 N. Cannon Blvd., Kannapolis, North Carolina 28083.

together with EI, PQM, Scherer, PQL, and JBTRS, collectively, the "Debtors"). All capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

The Court has considered the Motion, the *Declaration of Michael J. Musso in Support of First Day Motions and Applications*, the testimony of Brian Mogensen, and the matters reflected in the record of the hearing held on the Motion on September 13, 2018. It appears that the Court has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion has been given to the Office of the U.S. Bankruptcy Administrator, counsel for the Debtors' pre-petition secured lenders, Bank of America, N.A., the Internal Revenue Service, the Debtors' thirty (30) largest unsecured creditors on a consolidated basis, and the Insurance Carriers; that the relief sought in the Motion is in the best interests of the Debtors, their estates, and their creditors; and that good and sufficient cause exists for such relief.

Accordingly, it is hereby ORDERED as follows:

1. The Motion is GRANTED.

2. The Debtors are authorized, but not directed, to pay premiums and other amounts necessary to maintain the Insurance Programs.

3. The Debtors' depository bank is authorized and directed to honor any check or draft made in connection with the Insurance Programs that may be presented for payment and to make other transfers necessary to implement these transactions, provided that sufficient funds are available in the applicable accounts to make the payments and transfers. The Debtors are further authorized to pay any cost or penalty incurred in the event that a check issued by the Debtors for payment of an Insurance Program obligation is inadvertently not honored because of the filing of the Debtors' bankruptcy cases.

4. The banks and other financial institutions that process, honor, and pay any and all checks on account of the Insurance Program obligations shall rely on the representations of the Debtors as to which checks are issued and authorized to be paid in accordance with this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

5. Neither this Order, nor the Debtors' payment of any amounts authorized by this Order, shall (i) result in any assumption of any executory contract by the Debtors; (ii) result in a commitment to continue any plan, program, or policy of the Debtors; or (iii) impose any administrative, pre-petition, or post-petition liabilities upon the Debtors.

6. Any and all payments arising under or in connection with or authorized to be made by this Order, or otherwise relating to the relief requested in the Motion, shall be subject to the interim and final orders of this Court in these chapter 11 cases approving the Debtors' use of cash collateral (including all budgets referenced therein).

7. To the extent the fourteen day stay of Bankruptcy Rule 6004(h) may be construed to apply to the subject matter of this Order, such stay is hereby waived.

8. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

9. Counsel for the Debtors is directed to serve a copy of this Order on all parties on the Master Service List and the Insurance Carriers within three (3) days of the entry of this Order and file a certificate of service with the Clerk of the Court.

[END OF DOCUMENT]